ROBERT J. PRIORE *vs*. ROBERT M. SAWYER & others.[1] No. 89-P-1179.
April 24, 1991. *Zoning*, Adoption of by-law or ordinance, Exemption, Lot,
Setback.

This is an appeal by the plaintiff-abutter from a decision of the Superior
Court affirming the board of zoning appeals (board) upholding the issu-
ance of a building permit on registered land. The parties stipulated to facts
which gave the lot the benefit of the grandfather provision in the first sen-
tence of c. 40A, § 6, fourth par.[2] The parties agreed that, after July 2,
1970, the lot was not held in common ownership with any adjoining lot,
had frontage in excess of fifty feet, and had an area in excess of 5,000
square feet. They also agreed that the first zoning by-law for the town was
adopted on May 23, 1972.

Although the plaintiff argued below that c. 40A, § 6, does not apply if
there was no zoning law when the lot met the statutory requirements for
grandfather protection and only applies where the change is within a pre-
existing zoning scheme, he has rightly abandoned this argument on appeal.
As the trial judge ruled, the plaintiff's contention is precluded by *Sieber v.
Zoning Bd. of Appeals of Wellfleet*, 16 Mass. App. Ct 985, 986 (1983).[3]
The memorandum of the Superior Court judge in *Sieber*[4] reveals that the
circumstances giving G. L. c. 40A, § 6, protection to the lot in that case
arose prior to the existence of any zoning law in the town of Wellfleet.

What the abutter now argues is that *Sieber*[5] did not treat the question
whether the protection extended beyond area and frontage requirements,
"or more specifically" to zoning requirements, such as sideyard setbacks,
which could be met by a substandard lot. He argues that the owners of the
lot (Robert and Kathleen Sawyer) could here have met the setback re-
quirements. This issue was not argued to the Superior Court judge and
cannot be raised for the first time on appeal.

In addition, we base our decision on another ground. The parties
presented evidence as to the width of the lot. The by-law provided for a ten

---

[1]Kathleen Sawyer, the board of appeals of Tisbury, and the building inspector of
the town.

[2]As inserted by St. 1975, c. 808, § 3, that statute provides in relevant part:

"Any increase in area, frontage, width, yard, or depth requirements of a
zoning ordinance or by-law shall not apply to a lot for single and two-family
residential use which at the time of recording or endorsement, whichever oc-
curs sooner was not held in common ownership with any adjoining land, con-
formed to then existing requirements and had less than the proposed require-
ment but at least five thousand square feet of area and fifty feet of frontage."

[3]See also *Ferzoco* v. *Board of Appeals of Falmouth*, 29 Mass. App. Ct. 986, 987
(1990).

[4]We may take judicial notice of the record of a case. *O'Neill* v. *Mencher*, 21
Mass. App. Ct. 610, 613 (1986). In *Adamowicz* v. *Ipswich*, 395 Mass. 757, 761 n.6
(1985), the court quoted the same memorandum on which we rely.

[5]The judge's memorandum in *Sieber* shows that sideyard requirements were not
met in that case, but does not indicate the extent of nonconformance.

foot sideyard setback for lots under 100 feet and for fifteen foot setbacks for lots wider than 100 feet. The Sawyers' house (now fully constructed) is located eleven feet away from the side line.

The judge found that the difference in the parties' calculations as to the width of the lot was less than one to two inches.[6] We agree with the notation in his memorandum of decision: "I regard the Tisbury Board of Appeals' decision to issue the permit in the face of these equally credible and minimally different calculations as proper." As said in *Van Arsdale* v. *Provincetown*, 344 Mass 146, 150 (1962), the "alleged violation, if it exists. . . . is too trivial to notice."

*Judgment affirmed.*

*William H. Fricke* for the plaintiff.
*Howard M. Miller* (*Carmen L. Durso* with him) for the defendants.

---

[6]According to the plaintiff the width of the lot was 100.2 feet while the defendants appear to have claimed it was 99.96 feet.